UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEREK ANTHONY DAVIS, | CIVIL ACTION |
| VERSUS | NO. 25-2138 |
| ALEXIS SALAY, ET AL. | SECTION "R" (4) |

## **ORDER AND REASONS**

Before the Court is the motion to dismiss for failure to state a claim of defendants Alexis Salay, John Castelin, and Bernard Blair.[1] Pro se in forma pauperis plaintiff Derek Davis opposed the motion, filing a motion for leave to file an amended complaint.[2] For the following reasons, the Court grants the motion to dismiss and denies the motion for leave to file.

## I.    BACKGROUND

Davis makes the following allegations. On January 28, 2023, an ex-girlfriend broke into his home and assaulted and robbed him.[3] Davis alleges that he had a restraining order against the ex-girlfriend.[4] Davis alleges that he reported the incident to the police, but the police did not arrive nor press

---

[1]    R. Doc. 18.
[2]    R. Doc. 20.
[3]    R. Doc. 1.
[4]    *Id.*

1

charges.[5] Davis further alleges that the city attorney would not charge his ex-girlfriend.[6]

Davis brought this suit in federal court on October 14, 2025.[7] Davis sued Alexis Salary and John Castelin, whom he alleges are police officers, and Bernard Blair, whom he alleges is a city attorney.[8] Davis sued under 42 U.S.C. § 1983, alleging that the police officers and city attorney violated his due process rights and discriminated against him in violation of Title VII of the Civil Rights Act by not enforcing the restraining order and not arresting and prosecuting his ex-girlfriend for the robbery and assault.[9]

The defendants moved to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[10] Davis responded, seeking leave to amend his complaint.[11] The Court considers the motion below.

---

[5]    *Id.*
[6]    *Id.*
[7]    *Id.*
[8]    *Id.*
[9]    *Id.*
[10]    R. Doc. 18-1.
[11]    R. Doc. 20.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true.  *See id.*  It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *See id.*  (quoting *Twombly*, 550 U.S. at 555).  In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."  *Lormand*, 565 F.3d at 257 (cleaned up).  The claim must be dismissed if there are insufficient factual allegations

"to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the pleadings and attachments. *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

## III. DISCUSSION

Davis fails to state a claim upon which relief can be granted. Davis seeks to bring a claim under 42 U.S.C. § 1983, asserting violations of his rights under Title VII of the Civil Rights Act and under the due process clause.[12] Turning first to Davis' Title VII claims, he fails to state a claim upon which relief can be granted. Title VII applies only in the employment context. *See Hishon v. King & Spalding*, 467 U.S. 69, 74 (1984). To state a cause of action, the legal relationship between Davis and the defendants

---

[12] Davis states that he is making a "due process" claim under the Fifth Amendment. Because Davis sues state actors, Davis' due process claim is appropriately analyzed as a claim under the Fourteenth Amendment, and the Court liberally construes it thusly.

4

must be one of employer-employee. *Id.* As Davis does not allege such a relationship, and could not, his claims under Title VII must fail. The Court dismisses Davis' claims under Title VII of the Civil Rights Act with prejudice.

As to Davis' due process claims, these also fail to state a claim upon which relief can be granted. To assert a due process clause claim, Davis must plausibly allege that a state actor deprived him of life, liberty, or property without due process of law. *See Texas Faculty Ass'n v. Univ. of Texas,* 946 F.2d 379, 383 (5th Cir. 1991) ("Though the nature of the process due varies according to the governmental and private interests involved, whenever the four elements necessary to trigger that guarantee occur—that is, whenever (1) a state actor (2) deprives (3) a person (4) of a protected interest—*some* sort of procedural protection must be provided.") (emphasis in original); *see also Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 450 (5th Cir. 1994) ( "To state a cause of action under § 1983 for violation of the Due Process Clause, plaintiffs must show they have asserted a recognized liberty or property interest within the purview of the Fourteenth Amendment and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law.") (internal quotations omitted).

As a threshold inquiry, the Court must determine whether the Fourteenth Amendment protects the property interest of which the

defendants allegedly deprived Davis.  Here, pretermitting other issues with his complaint, Davis has not plausibly alleged a constitutionally protected property interest.  Construing Davis' complaint liberally, he alleges that the restraining order against his unnamed ex-girlfriend was a property interest of which he was deprived when the police officers did not arrest his unnamed attacker.  But such a theory has been clearly precluded in *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 766-70 (2005) (holding that there is no protected property interest in the enforcement of a restraining order).  The "benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Id.* at 768.

Further, Davis' claims against Blair, the city attorney, are barred by prosecutorial immunity.  Blair is protected by prosecutorial immunity in his decisions of whom to charge, as established by the Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (holding that prosecutorial decisions that are intimately associated with the judicial phase of the criminal process, such as decisions of whether to prosecute, are functions to which absolute immunity applies with full force).

Although courts generally grant pro se litigants an opportunity to amend a complaint before it is dismissed, leave to amend is not warranted if

6

amendment would be futile. *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) (citations omitted). "An amendment is futile if it would fail to survive a Rule 12(b)(6) Motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)). Here, the record indicates that Davis cannot amend his complaint to survive a Rule 12(b)(6) motion. Davis' proposed amended complaint does not address his failure to plausibly allege a constitutionally protected property interest, establish an employer-employee relationship necessary to support a Title VII claim, or overcome Blair's prosecutorial immunity. Because amendment would be futile, leave to amend is denied.

## IV.  CONCLUSION

For the forgoing reasons, the Court GRANTS the motion to dismiss. Davis' claims are DISMISSED WITH PREJUDICE. The Court DENIES the motion for leave to file.

New Orleans, Louisiana, this 1st day of June, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE